United States Bankruptcy Court

Eastern District of Missouri

Eastern Division

In re

Beverly Joyce Reed-Smith,

        Debtor                              Case # 18-45804-659

Bayview Loan Servicing, LLC,

        Movant

Vs.                                              Ch. 13

Beverly Joyce Reed-Smith

    Debtor and Respondent

And                                  Hearing Date: 12/17/2018

                                        Hearing time: 10:00 am

Diana S. Daugherty,                 Court: 7 North

        Respondent.                      Objection deadline: 12/10/2018

        NOTICE OF HEARING ON THE DEBTOR AND RESPONDENT'S

FIRST-AMENDED RESPONSE TO BAYVIEW LOAN SERVICING LLC's

MOTION TO

DISMISS, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC

STAY DUE TO RES JUDICATA , IN  THAT MOVANT  IMPROPERLY  ATTEMPTS TO

RELITIGATE  THE MOTION TO EXTEND THE AUTOMATIC STAY, WHICH WAS

GRANTED ON OCTOBER 3, 2018, AND IS, THEREFORE, A FINAL ORDER , AND

FIRST-AMENDED MOTION TO DISMISS SAID MOTIONS WITH PREJUDICE

      Please be advised that a hearing on the debtor and respondent's first-amended response to Bayview

Loan Servicing LLC's motion to dismiss, or, in the alternative, for relief from the automatic stay, due

To Res Judicata, in that movant improperly attempts to relitigate the motion to extend the automatic stay,

which was gr anted on October 3, 2018, and is, therefore, a final order, has been scheduled on December 17, 2018, at 10:00 am in

Courtroom 7 North of the United States Bankruptcy Court, Thomas F. Eagleton United States Courthouse, 111 S. 10th St., St. Louis, Missouri 63102.

>DEBTOR AND RESPONDENT'S FIRST-AMENDED RESPONSE TO BAYVIEW LOAN SERVICING LLC'SMOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY AND DEBTOR AND RESPONDENT'S FIRST-AMENDED MOTION TO DISMISS SAID PLEADINGS DUE TO RES JUDICATA
>IN THAT MOVANT IMPROPERLY ATTEMPTS TO RELITIGATE THE MOTION TO EXTEND THE AUTOMATIC STAY, WHICH WAS GRANTED ON OCTOBER 3, 2018 AND THUS IS A FINAL ORDER

Comes now the debtor and respondent , by attorney, and, for her first-amended response to the motion to

dismiss, or In the alternative, for relief, from the automatic stay, and debtor and respondent's first-amended motion to dismiss said pleadings due to Res Judicata in that movant improperly attempts to relitigate

the motion to extend the automatic stay, which was granted on October 3, 2018, states:

1. Debtor and respondent admits the allegation of paragraph 1.

2. Debtor and respondent admits the allegation of paragraph 2.

3. Debtor and respondent admits the allegation of paragraph 3.

4. Debtor and respondent admits the allegation of paragraph 4.

5. The debtor and respondent admits the allegation of paragraph 5. This Honorable Court

Entered its order extending the automatic stay in the case herein on October 3, 2018.

6. In response to paragraph 6, the debtor and respondent is without sufficient information to

    Affirm or deny said allegations, inasmuch as she lacks a complete payment history.

    Payment records attached to the motion herein include only 2015 through 2018, although

    The mortgage which is the subject of the motions was incurred in the year 2002.

    Debtor and respondent's records on the date of filing of the case herein state that

    debt owed to Movant was approximately $58,701.00.

7. The debtor and respondent is without sufficient information to affirm or deny the

    allegations of paragraph 7.

8. The debtor and respondent is without sufficient information to affirm or deny the

    allegations of paragraph 8.

9. In response to paragraph 9, the debtor and respondent states that she disclosed her prior

    bankruptcies and their dispositions, most of which were successful,
    In her unopposed motion to extend the automatic stay, and an order granting her motion

    was entered on October 3, 2018 and is a final order and is Res Judicata, and the motion

    herein is an improper attempt by movant to relitigate said motion, and the motions should

    be dismissed. The debtor

    and respondent further states that the allegations regarding bankruptcies filed by her

    deceased mother and her brother are not relevant to the case herein.


10. The debtor and respondent is without sufficient information to affirm or deny the

Allegations regarding foreclosure sales scheduled by movant for sale of the debtor and

respondent's home.

11. In response to paragraph 11, the debtor and respondent states that she has not caused her

home to depreciate. She further states that her home was worth

$15,000.00 on the date of filing of the case herein and states that she still believes

That it is worth $15,000.00, based on the recent sale, this year, of a home similar to the debtor's home which is located in

The immediate neighborhood of her home and which is in comparable condition. Prior to learning of the sale of said comparable home for $15,000.00, debtor believed her home was worth around $62,000. Because

Of its worth of $15,000.00, it is debtor and respondent's intention is to obtain a certified appraisal and to file an adversary proceeding to seek the Court's valuation of her home, so that she may seek the Court's order to pay to the movant the value of her home, presumed to be $15, 000.00, and not the amount due on the mortgage. Because the debtor and respondent's home is worth only $15,000.00, she agrees that there is no equit y in said

property, which is why she intends to file an adversary proceeding.

12. Debtor denies the allegation of paragraph 12, and further states that these
Motions are an improper attempt to relitigate the motion to extend the automatic stay, which was
Granted on October 3, 2018 and which is a final order and is Res Judicata.

13. In response to paragraph 13, the debtor states that the movant is improperly attempting
To relitigate the motion to extend the automatic stay, because the order extending the automatic stay
herein is a final order and is Res Judicata.

14. The movant's allegation in paragraph 14 is false, in that the debtor is making
Her monthly plan payments via wage order, and she is a mere $30.00 delinquent,
Which occurred when her plan payment was increased when her Second-Amended Plan was
Filed on October 16, 2018. An increased wage order was requested at the same time, but the
Increased wage order did not take effect until about one month later, with the wage order
Payment to the Trustee dated November 14, 2018.

15. Respondent Reed-Smith opposes the relief sought in paragraph 15, and asserts

That the movant appears to state in paragraph 15 that it has violated the automatic stay in that it is seeking ratification of "procedural steps ….in furtherance of the scheduled foreclosure sale…" during the pendency of the case herein.

WHEREFORE, THE DEBTOR REQUESTS THE COURT TO DENY THE MOTIONS HEREIN AND TO DISMISS THEM WITH PREJUDICE AND REQUESTS THE COURT TO ADMONISH THE MOVANT FOR ITS IMPROPER ATTEMPT TO RELITIGATGE THE MOTION TO EXTEND THE AUTOMATIC STAY, AND WHICH WAS GRANTED ON OCTOBER 3, 2018, AND, THEREFORE, IS A FINAL ORDER AND IS RES JUDICATA THE DEBTOR FURTHER REQUESTS THE COURT TO FIND WHETHER OR NOT THE MOVANT HAS TAKEN ANY ACTION IN VIOLATION OF THE AUTOMATIC STAY, AND THE DEBTOR REQUESTS THE COURT TO MAKE ANY OTHER ORDER WHICH THE COURT MAY FIND TO BE JUST.

Respectfully submitted,

/s/ Suzanne Rechtin Reinhold   Federal Bar # 26967

Law Centers of Robert Reinhold

512 Huntercreek Ct.

St. Louis, MO 63131-2221

Voice, 314-842-4445

reinlaw@aol.com

fax, 3145527154@myfax.com

Attorney for Debtor

Certificate of Service

I certify that a true and correct copy of the debtor and respondent's first-amended response to the

Motion to Dismiss, or in the Alternative for Relief from the Automatic Stay and the Debtor and Respondent's Motion to Dismiss Bayview Loan Servicing LLC's motion to Dismiss, or in the alternative, for Relief from the Automatic Stay due to Res Judicata In that Movant Improperly Attempts to Relitigate the Motion to Extend the Automatic Stay, which Was Granted on October 3, 2018 was filed electronically on November 27, 2018, with the United States Bankruptcy Court,and has been served on the parties in interest via email by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

                              /s/ Suzanne Rechtin Reinhold